UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN MICHAEL SMITH,

    Plaintiff(s),

v.

RICHARD PERKINS, et al.,

    Defendant(s).

Case No. 2:23-cv-01931-APG-NJK

**ORDER**

The Court granted Plaintiff's application to proceed *in forma pauperis* subject to his payment of a partial filing fee. Docket No. 6. Plaintiff has now made that partial payment. *See* Docket No. 11. Accordingly, the Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (Docket No. 1-1) on the docket and the Court will herein screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).

**I.  STANDARDS**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

**II.    ANALYSIS**

Plaintiff's complaint arises out of alleged improprieties in state court probate proceedings, which appear to boil down to an alleged conspiracy between the appointed special administrator (Richard Perkins) and private attorneys (Todd Moody and Christina Alexander) in that they obtained a default with a three-day notice.  Docket No. 2-1 at 2-4.  The complaint brings claims against these defendants for various constitutional violations pursuant to 42 U.S.C. § 1983.  *See* Docket No. 2-1 at 2-4.

A threshold requirement for proceeding with any § 1983 claim is that the defendant acted "under color of state law" with respect to the alleged deprivation of the plaintiff's constitutional rights.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  It is settled law that a private attorney does not act under color of state law for § 1983 purposes, even if appointed as counsel by the courts.  *See Deleo v. Rudin*, 328 F. Supp. 2d 1106, 1111 (D. Nev. 2004).  In addition, "[c]ourts have routinely found that appointment by a court to serve as an estate administrator does not transform a private party into a state actor."  *Dominic v. Goldman*, 560 F. Supp. 3d 579, 589 (D.N.H. 2021) (collecting cases).  In short, the complaint fails to allege that any of the defendants are state actors, so Plaintiff cannot state a claim under § 1983.

It would appear that any efforts to amend the complaint in this case would be futile, but the Court will err on the side of caution by allowing amendment if Plaintiff believes the deficiencies identified above can be cured.  With that said, the Court notes that Plaintiff appears to have filed this case as a means to obtain relief from a default entered in state probate proceedings.  Plaintiff

is advised that this Court is generally not the forum to obtain relief from orders issued in a state probate proceeding. *See, e.g.*, *Grant v. Bostwick*, 2016 WL 3983075, at *5 (S.D. Cal. July 21, 2016) (applying *Younger* abstention and probate exception). **Plaintiff may wish to consider <u>seeking relief in the probate proceeding</u> (if he is not doing so already) as a means to protect his legal rights.**

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **June 21, 2024**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order may result in dismissal of this case.**

IT IS SO ORDERED.

Dated: May 22, 2024

_____
Nancy J. Koppe
United States Magistrate Judge