1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

7

JOHN MICHAEL SMITH,

8        Plaintiff(s),

9   v.

10   RICHARD PERKINS, et al.,

11        Defendant(s).

Case No. 2:23-cv-01931-APG-NJK

**REPORT AND RECOMMENDATION**

12       On May 22, 2024, the Court screened Plaintiff's complaint, finding that it failed to state a
13   claim for relief under 42 U.S.C. § 1983 because Defendants were not alleged to have acted under
14   color of state law.  Docket No. 12 at 2.  The Court provided leave to amend, *see id*. at 3, and
15   Plaintiff filed an amended complaint, Docket No. 13.  The Court hereby screens the amended
16   complaint.

17   **I.      STANDARDS**

18       Federal courts are given the authority to dismiss a case if the action is legally "frivolous or
19   malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from
20   a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a
21   complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions
22   as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies
23   could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

24       Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint
25   for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is
26   essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723
27   (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim
28   showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

## II.    ANALYSIS

Plaintiff's case arises out of alleged improprieties in state court probate proceedings, which appear to boil down to an alleged conspiracy through which Plaintiff was deprived of inherited property.  Docket No. 13.[1]

Plaintiff's first claim is for property loss in violation of various provisions of the United States Constitution and his second claim is for emotional distress in violation of the Fourteenth Amendment.  *See* Docket No. 13 at 4-5.  The Constitution itself does not provide a civil cause of action; instead, such a claim must be brought pursuant to 42 U.S.C. § 1983.  *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992).  The problem with the amended complaint, as with the initial complaint, is that such a claim requires that the defendants acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  As has already been explained, neither private attorneys nor estate administrators are state actors.  Docket No. 12 at 2 (citing *Deleo v. Rudin*, 328 F. Supp. 2d 1106, 1111 (D. Nev. 2004) and *Dominic v. Goldman*, 560 F. Supp. 3d 579, 589 (D.N.H. 2021)).  Although it appears to add more private defendants in the form of a law firm, a psychic, and a retired person, *see* Docket No. 13 at 3, the amended complaint continues to lack allegations that Defendants acted under color of state law.  As a result, the amended complaint does not state a claim under § 1983.

---

[1] The Court notes as a threshold matter that the amended complaint is at times very difficult to read.  Plaintiff must write more legibly in his filings moving forward.  Local Rule IA 10-1(a)(2).

It appears that the amended complaint may be attempting to circumvent this deficiency by listing other federal statutes.  *See* Docket No. 13 at 1 (indicating that jurisdiction is predicated on 42 U.S.C. §§ 1985, 1986, as well as on 42 U.S.C. § 1997).[2]  Simply listing statutory provisions in a complaint is not sufficient to state a claim.  *See, e.g.*, *Chavez v. Wal-Mart Stores, Inc.*, 2014 WL 12591244, at *4 (C.D. Cal. Mar. 3, 2014) (collecting cases).  At any rate, the complaint on its face fails to state a claim based on these provisions.  A claim under § 1985 requires allegations of, *inter alia*, "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" and that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment.  *O'Handley v. Padilla*, 579 F. Supp. 3d 1163, 1185 (N.D. Cal. 2022) (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993)).  Such allegations are absent here.  Additionally, a claim under § 1986 addresses a failure to prevent a § 1985 conspiracy, so the failure to properly allege a qualifying §1985 conspiracy is fatal to a § 1986 claim.  *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1040 (9th Cir. 1990).[3]

Lastly, the Court notes a reference to intentional infliction of emotional distress.  Docket No. 13 at 5.  If this reference is meant as a means to plead such a claim, it is more properly brought in state court since Plaintiff has not invoked diversity jurisdiction and, as explained above, the amended complaint successfully pleads no federal cause of action.  *See, e.g.*, *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over state law claims and dismiss them without prejudice."); *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985) ("Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed").

---

[2] These statutes are listed in the jurisdictional section of the complaint, but the Court assumes that they are meant to also serve as a potential basis for a cause of action.  *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (requiring liberal construction of the filings of *pro se* prisoners).

[3] The last federal statute identified in the amended complaint provides definitions.  42 U.S.C. § 1997.

## III.    CONCLUSION

For the reasons discussed above, Plaintiff's amended complaint is subject to dismissal. Moreover, it does not appear that the deficiencies identified herein can be cured through amendment, particularly given that leave to amend has already been afforded.  *See City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) ("the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint").  Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without further leave to amend and without prejudice to Plaintiff seeking state law relief in an appropriate tribunal.

Dated: June 24, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

## <u>NOTICE</u>

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).